# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANIEL QUILLING, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV262 HEA |
| PATRICIA WASHINGTON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Daniel Quilling for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be 77granted 6676lea6 ve to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff alleges that defendant Patricia Washington is his wife's sister. According to plaintiff, plaintiff's wife and their children stayed at Washington's house while plaintiff's wife was separating herself from plaintiff. Plaintiff claims that Washington helped plaintiff's wife to leave him. Plaintiff seeks an award of $10,000,000 and an order sending Washington to prison.

Plaintiff does not cite to any federal statute or provision of the United States Constitution in the complaint. The Court will liberally construe the complaint as a civil rights action under 42 U.S.C. § 1983.

**Discussion**

The allegations in the complaint do not rise to the level of constitutional violations. Additionally, there are no allegations that plaintiff's rights were violated by a government actor or a private citizen working in concert with a government actor. As a result, the complaint fails to state a claim under 42 U.S.C. § 1983. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). The complaint shall be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this <u>8th</u> Day of February, 2007.

*/s/ Henry Edward Autrey*

_____
UNITED STATES DISTRICT JUDGE